[Cite as *State v. Jenkins*, 2016-Ohio-5747.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff - Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| THOMAS N. JENKINS | : | Case No. 16-CA-13 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Licking County
                              Municipal Court, Case No. 16 TRD
                              00234




JUDGMENT:                     Affirmed




DATE OF JUDGMENT:             August 31, 2016




APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

TRICIA M. MOORE                       ROBERT N. ABDALLA
Assistant Law Director                Reese, Pyle, Drake and Meyer, P.L.L.
40 W. Main Street                     P.O. Box 919, 36 North 2nd Street
Newark, Ohio 43055                    Newark, Ohio 43055

*Baldwin, J.*

{¶1} Defendant-appellant Thomas N. Jenkins appeals his conviction and sentence from the Licking County Municipal Court on one count of failure to obey a traffic control device. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On January 9, 2016, appellant was cited for failure to obey a traffic control device in violation of R.C. 4511.12. Appellant, on January 19, 2016, entered a written plea of not guilty to the charge.

{¶3} Thereafter, a bench trial was held on February 3, 2016. At the trial, Ohio State Highway Patrol Trooper Michael Epler testified that at approximately 9:11 a.m. on January 9, 2016, he was traveling southbound on State Route 310 and approaching Morse Road when he observed appellant's vehicle go through a red light at the intersection. When asked how he determined that the light was red from his direction, the Trooper testified that it was because his light was green. Trooper Epler also observed another vehicle sitting in front of or at the stop bar at the traffic light from the same direction that appellant had traveled.

{¶4} Trooper Epler then initiated a traffic stop of appellant's vehicle. The Trooper testified that appellant admitted going through a red light and stated that he had sat at the light for "five minutes and um…the car in front of him did not pull up to the stop bar or whatever it didn't trip the light um…is what he stated and he went around the car and looked both ways and went through the red light." Trial Transcript at 10. Appellant, according to the Trooper, asked the Trooper to give him a break and told him that he was

running late for work. Trooper Epler testified that when he went through the same intersection later that day, the light changed color.

{¶5} On cross-examination, Trooper Epler testified that during the traffic stop, the white car that had been sitting at the intersection in front of appellant's vehicle passed his cruiser. He admitted that he never saw the light change and therefore did not know whether or not the white car waited for the light to change or just proceeded through the intersection.

{¶6} Paul Boster testified at trial on behalf of appellant. He testified that he lives near the intersection of Morse and State Route 310 and had experience with the intersection there. According to him, Route 310 had priority. He testified that he had experienced the light staying red at such intersection on eastbound for several minutes and that the light did not change if the signal was not tripped. On cross-examination, he testified that the light had been there for "probably" the majority of the 26 years he had lived there and that, while he works for the Ohio Department of Transportation ("ODOT"), he never complained about the light. Boster further agreed that if the light was red, "you need to stop and stay at that light until it turns green…" Trial Transcript at 17.

{¶7} Appellant also testified at trial. Appellant testified that he drove a courier vehicle and that three out of four Saturday mornings, the light at the intersection never changes. He testified that he observed others run the light and that he always stopped and looked before he did so himself. When asked what happened the morning in question, appellant testified as follows:

A: I pulled up behind the lady, I don't know how long she was sitting there but I noticed that her head kept turning back and forth and I sat there

for four or five minutes and blew the horn at her three or four times and she didn't move. She looked very confused and I thought well maybe she is sick so I pulled around her, I pulled up there and I stopped. I looked both ways and didn't see any cars coming and I pulled across the intersection. I went down the road a little ways and was looking in my rearview mirror and I saw the trooper turn the corner and I just pulled over and I thought I would explain to him what happened but you saw the video there.

{¶8} Trial Transcript at 19-20. According to appellant, he was watching the light and it never changed to green.

{¶9} On cross-examination, appellant admitted that he did not say anything to Trooper Epler about the light and told him that he was running late for work. Appellant did not deny going through the red light on the day in question and stated that he did not drive back through the intersection the same day.

{¶10} At the conclusion of the testimony, the court found appellant guilty and fined him $15.00 and court costs.

{¶11} Appellant now raises the following assignment of error on appeal:

{¶12} THE TRIAL (SIC) ERRED IN ITS INTERPRETATION OF O.R.C. 4511.132 BY FINDING THE STATUTE INAPPLICABLE TO SITUATIONS WHERE A TRAFFIC LIGHT VEHICLE DETECTOR FAILS TO DETECT A WAITING VEHICLE.

I

{¶13} Appellant, in his sole assignment of error, argues that the trial court erred in finding R.C. 4511.132 inapplicable to his case.

{¶14} Appellant, in the case sub judice, argued in closing that he did not deny going through the red light, but that the traffic light was malfunctioning and that he acted appropriately pursuant to R.C. 4511.132.

{¶15} R.C. 4522.132 states, in relevant part, as follows:

{¶16} (A) The driver of a vehicle, streetcar, or trackless trolley who approaches an intersection where traffic is controlled by traffic control signals shall do all of the following, if the signal facing the driver either exhibits no colored lights or colored lighted arrows or exhibits a combination of such lights or arrows that fails to clearly indicate the assignment of right-of-way:

{¶17} (1) Stop at a clearly marked stop line, but if none, stop before entering the crosswalk on the near side of the intersection, or, if none, stop before entering the intersection;

{¶18} (2) Yield the right-of-way to all vehicles, streetcars, or trackless trolleys in the intersection or approaching on an intersecting road, if the vehicles, streetcars, or trackless trolleys will constitute an immediate hazard during the time the driver is moving across or within the intersection or junction of roadways;

{¶19} (3) Exercise ordinary care while proceeding through the intersection.

{¶20} However, we concur with appellee that appellant has failed to establish that the light was malfunctioning. While the statute defined a malfunctioning light as one that either exhibits no colored lights or colored lighted arrows or exhibits a combination of such lights or arrows that fails to clearly indicate the assignment of right-of-way, as noted by appellee, appellant had a steady red signal in his direction and the opposing traffic had a steady green indicator. Moreover, appellee produced credible evidence, if believed by the

trial court as trier of fact, that the light was not malfunctioning. At trial, Trooper Epler testified that he drove through the intersection after his contact with appellant and that the light changed color and was functioning. He testified that he was unaware of any problems called into dispatch concerning the light in question. Paul Boster testified that the light would not change if you did not trip the signal. He testified that he had never complained to ODOT about the way the light works and that "it is sporadic". Trial Transcript at 17. He agreed that if the light was red, one needed to stop and stay at that light until it turned green.

{¶21}  Testimony also was adduced at the trial that appellant never mentioned anything to the Trooper about the light, but rather told him that he was running late for work. Appellant, as is stated above, admitted that he drive through a red light.

{¶22}  Based on the foregoing, we find that the trial court did not err in declining to apply R.C. 4511.132 to appellant's case. The trial court, as trier of fact, was in the best position to assess the credibility of the witnesses and was free to believe the Trooper's testimony that the traffic device was functioning properly, despite appellant's allegations to the contrary.

{¶23}  Appellant's sole assignment of error is, therefore, overruled.

{¶24} Accordingly, the judgment of the Licking County Municipal Court is affirmed.

By: Baldwin, J.

Farmer, P.J. and

Gwin, J. concur.